UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|                              |   |                          |
|---|---|---|
| UNITED STATES OF AMERICA,    | : | CASE NO. 1:17-cr-00269-1 |
| Plaintiff,                   | : | OPINION & ORDER          |
|                              | : | [Resolving Doc. 289]     |
| v.                           | : |                          |
| JESUS CARO LOPEZ,            | : |                          |
| Defendant.                   | : |                          |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Jesus Caro Lopez filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).[1] The Court appointed counsel to assist Defendant with his motion, but Defendant ultimately proceeded on his own.[2]

Before the Court decided Caro Lopez's compassionate release motion, the government requested that the Court hold the motion in abeyance until after the Sixth Circuit issued its en banc decision in *United States v. McCall*.[3] The Court granted that request.[4]

After the Sixth Circuit issued its *McCall* decision,[5] the government filed its opposition to the compassionate release motion.[6] Defendant Caro Lopez did not reply.

For the following reasons, the Court **DENIES** the compassionate release motion.

\* \* \*

A defendant seeking compassionate release must show that: (1) there are "extraordinary and compelling reasons" for a sentence reduction; (2) the reduction would be

---

[1] Doc. 289.
[2] Doc. 290.
[3] Doc. 293.
[4] Doc. 294.
[5] *United States v. McCall*, 56 F.4th 1048 (6th Cir. 2022) (en banc).
[6] Doc. 300.

Case No. 1:17-cr-00269
GWIN, J.

"consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the "relevant sentencing factors listed in 18 U.S.C. § 3553(a)" favor the reduction.[7]

Defendant Caro Lopez argues that there are two extraordinary and compelling reasons in his case.

First, Caro Lopez argues that § 401 of the First Step Act restricts which prior felony drug convictions can be used to enhance his sentence.[8] Although Caro Lopez has a prior felony drug conviction that was used to enhance his sentence,[9] he argues that he would not be eligible for that enhancement under the First Step Act today.[10]

However, § 401 is nonretroactive and does not apply to Caro Lopez's case. The First Step Act explicitly limits § 401 an "offense that was committed before the date of enactment of [the First Step Act], *if a sentence for the offense has not been imposed as of such date of enactment.*"[11] The Court entered Caro Lopez's sentence on July 25, 2018.[12] The First Step Act was passed five months later, on December 21, 2018.[13] Under *McCall*, these types of "[n]onretroactive legal developments do not factor into the extraordinary and compelling analysis."[14] So, Caro Lopez's first argument is not an extraordinary and compelling reason for compassionate release.

Second, Caro Lopez suggests that his prior drug conviction is invalid, so it could not have been used to enhance his sentence.[15] But that is a collateral attack on the validity of

---

[7] *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020)).
[8] Doc. 289-1 at 2–3 (PageID # 2262–63); First Step Act of 2018, Pub. L. No. 115-391, § 401(a).
[9] Doc. 265 at 2–6.
[10] Doc. 289-1 at 3 (PageID # 2263).
[11] Pub. L. No. 115-391, § 401(c) (emphasis added).
[12] Doc. 254.
[13] Pub. L. No. 115-391.
[14] 56 F.4th at 1066; *see also id.* at 1057 (§ 401 of the First Step Act is nonretroactive and cannot amount to extraordinary and compelling reasons).
[15] Doc. 289-1 at 4 (PageID # 2264).

- 2 -

Case No. 1:17-cr-00269
GWIN, J.

Caro Lopez's prior conviction, and "collateral attacks 'are not fair game' in a compassionate release motion."[16]  This argument is also not an extraordinary and compelling reason for compassionate release.

Because Caro Lopez has not demonstrated that there are extraordinary and compelling reasons to reduce his sentence, the Court does not consider the remaining compassionate release factors.[17]  The Court therefore **DENIES** Caro Lopez's compassionate release motion.

IT IS SO ORDERED.

Dated: October 10, 2023                    s/    James S. Gwin
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE

---

[16] *United States v. Jones*, No. 4:17-cr-00524, 2023 WL 3791547, at *4 (N.D. Ohio June 2, 2023) (quoting *United States v. Makupson*, No. 1:14-cr-00214, 2021 WL 2826071, at *1 (N.D. Ohio July 7, 2021)).

[17] *Elias*, 984 F.3d at 519 ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites . . . is lacking and do not need to address the others.").