UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:17-cr-00269-1 |
| Plaintiff, | : | ORDER |
|  | : | [Resolving Doc. 302] |
| v. | : |  |
| JESUS CARO LOPEZ, | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Jesus Caro Lopez moves for a sentence reduction under 18 U.S.C. § 3582(c)(2) and U.S. Sentencing Guidelines Amendment 821, Part B.[1] Amendment 821, Part B reduces a defendant's offense level by two if the defendant received no criminal history points and meets other criteria.[2]

Although Amendment 821 applies retroactively, a district court may not modify a defendant's sentence unless the defendant is eligible under U.S. Sentencing Guidelines § 1B1.10.[3] And under § 1B1.10(a)(2)(B), a defendant is not eligible if applying the retroactive amendment does not lower the defendant's guideline range.[4]

In this case, the Defendant Caro Lopez received six criminal history points.[5] Defendant Caro Lopez is not eligible for a two-level reduction under Amendment 821, Part B. In turn, Defendant Caro Lopez is not eligible for a sentence reduction under § 3582(c)(2). The Court **DENIES** the sentence reduction motion.

---

[1] Doc. 302.
[2] Amendment 821, https://www.ussc.gov/guidelines/amendment/821.
[3] *Dillon v. United States*, 560 U.S. 817, 827 (2010).
[4] U.S.S.G. § 1B1.10(a)(2)(B).
[5] Doc. 240 at ¶ 49.

Case No. 1:17-cr-00269-1
GWIN, J.

    IT IS SO ORDERED.

Dated: May 31, 2024            *s/     James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE