UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:17-cr-00269-1 |
| Plaintiff, | : | ORDER |
| | : | [Resolving Doc. 307] |
| v. | : | |
| JESUS CARO LOPEZ, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Jesus Caro Lopez moves for a sentence reduction under 18 U.S.C. § 3582(c)(2) and U.S. Sentencing Guidelines Amendment 821. Although his pro se motion is not clear, Caro Lopez seems to argue that the First Step Act changed the time allowing consideration of past criminal convictions and argues that this warrants compassionate release.

For criminal history calculations, Caro Lopez argues that the 2018 First Step Act reduced the period for consideration of past serious drug offenses. He argues that a 1998 California drug conviction should not have been used for criminal history calculation or for § 851 purposes as outside the fifteen-year time limit.

Caro Lopez made near identical arguments in an earlier filing. The Court denied the earlier motion.[1]

Regarding whether the 1998 California drug case counts for his sentence enhancement, this case alleged that "between May 4, 2016, and July 2017, Lopez and others

---

[1] *See* Doc. 301.

Case No. 1:17-cr-00269-1
GWIN, J.

committed the offense of Conspiracy to Possess . . ." Regarding the California drug offense, the California Court sentenced Lopez on May 1, 1998, but he violated probation, the California Court issued a warrant and on December 21, 2005 his probation was revoked. The California heroin conviction was within fifteen years of the conduct in this case and counts.

Under the U.S. Sentencing Guidelines, for purposes of calculating a defendant's criminal history, the clock starts based on when the sentence was imposed or when the sentence, including any incarceration, parole, or post-incarceration supervision (such as probation or supervised release), ended—whichever is later.[2]

The fifteen-year period began no sooner than December 21, 2005, when the California Court revoked his probation. This case's criminal conduct occurred within fifteen years.

Defendant Caro Lopez also argues that § 401 of the First Step Act restricts which prior felony drug convictions can be used to enhance his sentence.[3] He says that his sentence was enhanced from the 1998 California conviction that would no longer count to enhance sentences. Although Caro Lopez has a prior felony drug conviction that the Court used to enhance his sentence,[4] he argues that he would not be eligible for that enhancement under the today's First Step Act.[5]

However, as explained in the Court's earlier order, § 401 is nonretroactive and does not apply to Caro Lopez's case. The First Step Act explicitly limits § 401 an "offense that was committed before the date of enactment of [the First Step Act], *if a sentence for the*

---

[2] *See* U.S. Sentencing Guidelines § 4A1.2(e)(1).
[3] Doc. 307, PageID #: 2325; First Step Act of 2018, Pub. L. No. 115-391, § 401(a).
[4] Doc. 265 at 2–6.
[5] Doc. 307, PageID #: 2325).

- 2 -

Case No. 1:17-cr-00269-1
GWIN, J.

*offense has not been imposed as of such date of enactment.*"[6] The Court entered Caro Lopez's sentence on July 25, 2018.[7] The First Step Act was passed five months later, on December 21, 2018.[8]

Under *McCall*, these types of "[n]onretroactive legal developments do not factor into the extraordinary and compelling analysis."[9]

As he did in his earlier motion for compassionate release, Lopez vaguely says that the conviction used in the § 851 enhancement, was illegal and invalid. He does not further develop this argument, and it would not otherwise support compassionate release.

The Court **DENIES** the sentence reduction/compassionate release motion.

IT IS SO ORDERED.

Dated: September 27, 2024        *s/      James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE

---

[6] Pub. L. No. 115-391, § 401(c) (emphasis added).
[7] Doc. 254.
[8] Pub. L. No. 115-391.
[9] *United States v.* McCall, 56 F.4th 1048, 1066 (6th Cir. 2022); *see also id.* at 1057 (§ 401 of the First Step Act is nonretroactive and cannot amount to extraordinary and compelling reasons).